UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MELISSA INSOFT** and **PARKER INSOFT**,

    Plaintiffs,

v.   Case No. 8:24-cv-1817-WFJ-SPF

**STEADFAST INSURANCE COMPANY**,

    Defendant.
_____/

## ORDER

Before the Court is Defendant Steadfast Insurance Company's ("Steadfast") motion for summary judgment (Dkt. 39) and Plaintiffs Melissa and Parker Insoft's motion for partial summary judgment (Dkt. 40) on the threshold issue of Steadfast's duty to defend. The parties have filed their respective responses and replies (Dkts. 43, 44, 47, 48), and the Court held a hearing on the motions (Dkt. 50). Upon careful consideration of the filings and argument, Plaintiffs' motion is due to be denied and Defendant's motion is due to be granted.

## BACKGROUND

The facts are not in dispute. Steadfast issued a Travel Agents and Tour Operators Professional Liability insurance policy to non-party travel agency Sonshine Educational Tours, Inc. ("Sonshine"). Dkt. 39 at 2, 4 ¶ 6. Plaintiffs sued

1

Sonshine, among other defendants, alleging that minor child P.I. suffered bullying and sexual abuse by other classmates while attending an overnight school trip. Dkts. 39 at 3 ¶¶ 1–3; 40 at 1–2. That complaint included counts for negligence, alleging that Sonshine, as trip organizer, could have prevented the alleged incident. Dkts. 39 at 4 ¶ 5; 40 at 2.

Sonshine tendered defense and indemnity of that lawsuit to Steadfast, which Steadfast denied based on a sexual abuse exclusion in the insurance policy. Dkts. 39 at 6 ¶ 12; 40 at 2. The policy provided as follows:

### I.   INSURING AGREEMENT

**A.** Coverages

**1.   Coverage A Bodily Injury and Property Damage**

The Company will pay on behalf of the **Insured** those sums that the **Insured** becomes legally obligated to pay as **Damages** because of **Bodily Injury**… caused by an **Occurrence** anywhere in the world during the **Policy Period** arising out of **Travel Agency Operations** of the **Named Insured**. …

**3.   Coverage C Professional Liability**

The Company will pay on behalf of the **Insured** those sums that the **Insured** becomes legally obligated to pay as **Damages** arising out of a negligent act or negligent omission anywhere in the world committed by the **Insured** or any other person for whose acts the **Named Insured** is legally liable in the conduct of **Travel Agency Operations** by the **Named Insured** provided such negligent act or negligent omission occurs during the **Policy Period**. …

2

## II.   EXCLUSIONS

This policy does not apply to…

**FF**. Any **Claim** or **Suit** based upon or arising, in whole or in part, out of any:

> 1. Alleged, actual or threatened **Sexual Abuse** or **Sexual Harassment** by anyone of any person;
>
> 2. The negligent employment, investigation, or supervision of any person who causes or commits or is alleged to have caused or committed **Sexual Abuse** or **Sexual Harassment**….

Dkt. 39 at 4–5 (citing insurance policy, Dkt. 24-2 at 4, 9).

Plaintiffs and Sonshine entered into a settlement agreement, and final judgment was entered against Sonshine. Dkts. 39 at 7 ¶ 16; 40 at 2. Plaintiffs have obtained assignment of all interests in the policy from Sonshine, and now bring this breach of contract action for Steadfast's alleged failure to defend Sonshine. Dkts. 39 at 7 ¶ 17; 40 at 2.

## LEGAL STANDARD

Summary judgment is appropriate when the movant demonstrates "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome" of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence in "the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Tipton v.*

3

*Bergrohr GMBH-Siegen*, 965 F.2d 994, 998 (11th Cir. 1992) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The standard for assessing cross motions for summary judgment is the same as the standard for assessing a single motion for summary judgment. *See, e.g.*, *Am. Bankers. Ins. Grp. v. United States*, 408 F.3d 1328, 1331 (11th Cir. 2005); *T-Mobile S. LLC v. City of Jacksonville*, 564 F. Supp. 2d 1337, 1340 (M.D. Fla. 2008). Each motion must be considered on its own merits, and summary judgment awarded if one of the parties is entitled to judgment as a matter of law on the undisputed facts. *T-Mobile S.*, 564 F. Supp. 2d at 1340.

## DISCUSSION

This case begins and ends with whether the sexual abuse exclusion in Steadfast's insurance policy relieved Steadfast of any duty to defend Sonshine in the underlying litigation. Steadfast argues that it clearly does based on its plain language and supporting case law. Dkt. 39 at 8–17. Plaintiffs argue that the portions of the underlying complaint not involving sexual abuse allegations still triggered the duty to defend, which is extremely broad. Dkt. 40 at 6–7.

Under Florida law, courts utilize the "eight corners rule" to determine whether an insurer had the duty to defend, referring to the four corners of the underlying complaint and the four corners of the insurance policy. *Addison Ins. Co. v. 4000 Island Boulevard Condo. Ass'n, Inc.*, 721 F. App'x 847, 854 (11th Cir. 2017). An

4

insurance policy must be construed according to its plain language. *Swire Pac. Holdings, Inc. v. Zurich Ins. Co.*, 845 So. 2d 161, 165 (Fla. 2003). "If the alleged facts and legal theories asserted in the complaint fall outside a policy's coverage, no duty to defend arises." *Auto-Owners Ins. Co. v. Ralph Gage Contracting Inc.*, 685 F. App'x 820, 822 (11th Cir. 2017).

The plain language of Steadfast's policy clearly relieves Steadfast of a duty to defend Sonshine against Plaintiffs' suit. The policy excludes coverage for suits arising, in whole or in part, from alleged, actual, or threatened sexual abuse. Dkt. 24-2 at 9. Plaintiffs' underlying complaint undisputedly contained allegations of sexual abuse, including an attempted rape. *See* Dkt. 24-1 ¶ 52 (Sonshine owed a duty to keep Plaintiff safe from physical, mental, and sexual abuse); *id.* ¶¶ 55f–j (Sonshine breached this duty by, *e.g.* failing to implement policies to prevent sexual abuse, failing to provide proper supervision and training to prevent sexual abuse). Plaintiffs admit this, albeit with the added clarification that the complaint alleged not only sexual abuse but also bullying, mental anguish, embarrassment, physical abuse, etc. Dkt. 34 ¶¶ 13–16, 24, 25. Plaintiffs' underlying suit thus arises, at least in part, from alleged sexual abuse. Per the policy's plain language, Steadfast had no duty to defend. *See Swire Pac. Holdings, Inc.*, 845 So. 2d at 165.

Other courts regularly uphold insurance policy exclusions that bar coverage for cases arising out of sexual abuse, even if the claims are brought in negligence

(*e.g.* negligent training, negligent supervision, etc.). *See, e.g.*, *Am. Empire Surplus Lines Ins. Co. v. Chabad House of N. Dade, Inc.*, 771 F. Supp. 2d 1336, 1337–38, 1340 (S.D. Fla. 2011), *aff'd*, 450 F. App'x 792 (11th Cir. 2011); *Cas. Indem. Exch. v. Small Fry, Inc.*, 709 F. Supp. 1144, 1145–46 (S.D. Fla. 1989); *Westchester Gen. Hosp., Inc. v. Evanston Ins. Co.*, No. 19-22831-CIV, 2020 WL 4501947, at *9 (S.D. Fla. May 4, 2020), *report and recommendation adopted*, No. 19-22831-CIV, 2020 WL 6870875 (S.D. Fla. July 13, 2020), *aff'd*, 48 F.4th 1298 (11th Cir. 2022).

Courts also uphold insurance coverage exclusions that apply to claims arising "in whole or in part" out of designated conduct. *See, e.g.*, *Sec. Nat'l Ins. Co. v. Brar Davenport Hosp., Inc.*, No. 8:22-CV-1811-KKM-AEP, 2023 WL 121442, at *2 (M.D. Fla. Jan. 6, 2023) ("That policy language *clearly* precludes coverage for the underlying state lawsuit." (emphasis added)); *see also Burlington Ins. Co. v. Normandy Gen. Partners*, 560 F. App'x 844, 848 (11th Cir. 2014) (explaining that the phrase "arising out of" is itself interpreted broadly under Florida law, "mean[ing] something broader than pure causation and closer to 'originating from,' ... 'incident to' or 'having a connection with'" (citation omitted)).

Here, Plaintiffs' negligence claims against Sonshine certainly arose at least in part out of alleged sexual abuse. Steadfast's policy excludes coverage in that instance, alleviating Steadfast's duty to defend Sonshine.

6

Plaintiffs rely on *Guideone Elite Ins. Co. v. Old Cutler Presbyterian Church, Inc.*, 420 F.3d 1317 (11th Cir. 2005) in their motion, although it is distinguishable from the instant case. In *Guideone*, a woman and her children were abducted from a church parking lot, with the perpetrator committing both sexual and non-sexual crimes against the family. 420 F.3d at 1321–22. The church's insurance policy contained a sexual misconduct exclusion. *Id.* at 1322. Because the exclusion did not clearly apply to injuries arising from the non-sexual conduct, the court ruled that the policy covered those damages. *Id.* at 1328–31.

Here, Steadfast's exclusionary language is broader than that contemplated in *Guideone*. Unlike *Guideone*'s focus on discrete acts and injuries of either a sexual or non-sexual nature, Steadfast's exclusion applies to "[a]ny claim or suit . . . arising, in whole *or in part*, out of any alleged, actual or threatened sexual abuse[.]" Dkt. 24-2 at 9 (emphasis added). Plaintiffs' lawsuit against Sonshine plainly arose at least *in part* out of alleged sexual abuse. It is therefore not covered, and the Court may not "rewrite contracts, add meaning that is not present, or otherwise reach results contrary to the intentions of the parties." *Swire Pac. Holdings, Inc.*, 845 So. 2d at 165 (citation omitted). Steadfast had no duty to defend.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

(1) Defendant's motion for summary judgment (Dkt. 39) is **GRANTED**.

(2) Plaintiffs' motion for partial summary judgment (Dkt. 40) is **DENIED**.

(3) The Clerk is directed to enter final judgment in favor of Defendant.

(4) The Clerk is directed to terminate any pending motions and deadlines and close the case.

**DONE AND ORDERED** in Tampa, Florida, on March 17, 2025.

> */s/ William F. Jung*
> **WILLIAM F. JUNG**
> **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record